Arthur D. Grossman (ADG 9237)
Robert J. Rohrberger (RJR 1918)
David Ward (DW 7669)
Fox & Fox LLP
70 South Orange Avenue
Livingston, New Jersey 07039
(973) 597-0777

Lawrence Rosenthal (LR-9526)
Matthew W. Siegal (MWS-7467)
Angie M. Hankins (AMH-1367)
STROOCK & STROOCK & LAVAN LLP
Attorneys for Plaintiff
Fuji Photo Film Co., Ltd.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------- x

FUJI PHOTO FILM CO., LTD.

                      Plaintiff,

            v.

JACK C. BENUN,
RIBI TECH PRODUCTS LLC,
POLYTECH ENTERPRISES LTD, and
POLYTECH (SHENZHEN) CAMERA CO. LTD,

                      Defendants.

------------------------------------------------------------- X

Civil Action No. 05-1863(KSH)(PS)

**ORDER TO SHOW CAUSE WHY A
WRIT OF ATTACHMENT SHOULD NOT ISSUE AGAINST THE PROPERTY OF
POLYTECH ENTERPRISE, LTD WITH PRELIMINARY RESTRAINTS**

This matter having been opened to the Court by Fox & Fox LLP and Stroock & Stroock

& Lavan LLP, attorneys for Plaintiff Fuji Photo Film Co., Ltd. ("Fuji" or "Plaintiff"), for an

order to show cause: (a) why a writ of attachment should not be issued pursuant to Federal Rule of Civil Procedure 64, Rule 4:60-5(a) of the Rules Governing Civil Practice for the Courts of the State of New Jersey, and N.J.S.A. 2A:26-1 et seq., against all property of Polytech Enterprise Ltd. ("Polytech HK") found within the State of New Jersey up to the amount of $3.5 million, including the debts and obligations of Jazz Photo Corp. to Polytech HK as asserted in the proofs of claim filed by Polytech HK on August 22, 2003 and on April 22, 2005 and all other monies claimed to be owed by Jazz Photo Corporation to Polytech HK; and (b) why the Liquidating Trustee in the action captioned *In re Jazz Photo Corp.*, Case No. 03 BR 26565 should not be preliminarily enjoined and restrained pursuant to Federal Rule of Civil Procedure 65 from disposing of or transferring any property or money owed by Jazz Photo Corporation to Polytech HK, including but not limited to making any payment to Polytech HK in connection with the settlement of the administrative claims asserted by Polytech HK pending the issuance and execution of the Writ; and

The Court having reviewed the memorandum in support of Plaintiff's Order to Show Cause Why A Writ of Attachment Should Not Issue Against the Property of Polytech Enterprise, Ltd. and the Declaration of Matthew Seigal in support thereof and exhibits annexed thereto, and having found good and sufficient reasons, it is hereby:

ORDERED that defendant Polytech Enterprise, Ltd., show cause on the __15th__ day of __Nov.__, 2005 at __10__ a.m./~~p.m.~~ or as soon thereafter as counsel can be heard, in Courtroom __5__, in the United States District Court for the District of New Jersey, Newark Vicinage, why an Order pursuant to Federal Rule of Civil Procedure 64 and Rule 4:60-5(a) of the Rules Governing Civil Practice for the Courts of the State of New Jersey should not be entered granting Fuji's application for the issuance of a Writ of Attachment; and it is further

*KSH* ORDERED, that Fuji shall post a surety bond, cash or a certified or attorney's check in the amount of $250,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of the issuance and service of the Writ; and it is further

ORDERED, that pending the return date of this order to show cause and until further order of the Court prior thereto, and in order to preserve the status quo and avoid irreparable harm to Fuji, the Liquidating Trustee is hereby enjoined and restrained from disposing of or transferring any property or money owed by Jazz Photo Corporation to Polytech HK, including but not limited to making any payment to Polytech HK in connection with the settlement of the administrative claims asserted by Polytech HK in the action captioned *In re Jazz Photo Corp.*, Case No. 03 BR 26565 and shall instead hold any and all funds to be paid to Polytech Enterprise, Ltd. in an interest bearing account and shall not transfer those funds without the prior approval of this Court.; and it is further

ORDERED that the Liquidating Trustee, Polytech HK, or any other person or entity with an alleged interest in the property subject to this Order may apply to vacate this Order on 3 days notice to plaintiff's counsel; and it is further

ORDERED that a copy of this Order to Show Cause shall be served upon the Liquidating Trustee by personal delivery to Michael Sirota, Esq. of Cole, Schotz, Meisel, Forman & Leonard, P.A. as counsel for the Liquidating Trustee, upon Agfa Photo Hong Kong Limited by personal delivery to Irena Goldstein, Esq. of Dewey Ballantine LLP as counsel for Agfa Photo Hong Kong Limited and upon Polytech HK by personal delivery upon Ben H. Becker, Esq. of Becker Meisel LLC as counsel for Polytech HK, and by personal delivery to all other parties appearing immediately within ___ days of the date of this Order to Show Cause; and it is

FINALLY ORDERED, that any answering papers shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff before __4__ p.m. on __11/9__, 2005. Any reply shall be filed and served by Plaintiff before __3__ p.m. on __11/10__, 2005.

*Katharine S. Hayden*
Honorable
United States District Court Judge
District of New Jersey

11/3/05