*JACK C. BENUN*
*80 WICKAPECKO DR.*
*OCEAN, NJ 07712*

September 23, 2008

Our File: 1014-01

**BY OVERNIGHT COURIER**
Hon. Katharine Hayden, Judge
United States District Court,
District of New Jersey
United States Post Office and Court House Bldg.
Room 311
Newark, NJ 07101-0999

*See next page*

Re: *Fuji Film Corporation v. Benun*, No. 05-1863

Dear Judge Hayden,

    I am a *pro se* defendant in the above-referenced action. I am writing in order to seek leave of Court to (1) deposit with the Court my consent to be bound by a final injunction in the form previously agreed by the parties, and (2) seek leave to file a motion to have myself dismissed as defendant in this case.

    As discussed below, there are no pending claims against me in this case which are susceptible to trial. There is no reason why I should be required to undertake the considerable burden of participating in *in limine* motions, or being compelled to attend a trial at which no claims against me will be leveled or tried. While I understand that I may be called as a witness by one or more of the other parties, my participation as a party should not be required.

    The Complaint in this case asserts that I induced infringement of certain Fuji copyrights relating to Lens Fitted Film Packages (disposable cameras). As the Court knows, the exact same claims of inducement were the subject of an adversary proceeding in my individual bankruptcy proceeding before Judge Stern of the Bankruptcy Court. Fuji has conceded that, in that action it has tried against me or has waived all claims against me related to any cameras imported prior to the date the instant lawsuit was commenced. Furthermore, since commencement of this action, there have been no further importations of any Lens Fitted Film Packages alleged to infringe the Fuji patents in suit.

    It follows that there are no longer any triable issues to be litigated against me in this action, nor are there any damages that the plaintiff can expect to recover from me in this action.

2

The only relief which the plaintiff could expect to secure against me in this action would be a permanent injunction enjoining me from future infringements of the patents-in-suit. As you know, the parties to this case have previously engaged in settlement discussions and, while the financial terms of a settlement have not been agreed, the form of an injunction was mutually agreed and submitted to the Court. I am certainly willing to be subjected to a judicial order that enjoins me from infringing, or from inducing others to infringe, such of Fuji's patents as remain unexpired.

Judge Stern of the Bankruptcy Court has already indicated that it would be nonsensical, and indeed abusive, to require that I stand trial twice for the same claims. That is, in fact what has occurred. While I have participated actively in the pre-trial preparation of the case, it is now clear to all that no triable claims remain against me. Furthermore, including me as a defendant at trial of this action could lead to fact findings at variance with those made in the Bankruptcy Court action, which findings are currently under appeal before Judge Chesler.

Under these circumstances, I should not be kept away from the business of running my company by the need to be present for all phases of trail as an individual defendant. [My company is already represented by able counsel in this matter].

This would leave unresolved only the question of the Court's prior contempt sanction against me. As the Court knows, my prior appeal of that sanction to the Federal Circuit was dismissed as premature, on the ground that it was not evident that your Honor had made a final ruling as to the total amount of of the sanction to be imposed. If I am dismissed or excused from attending trial as a defendant, the Court can either finalize the sanction order against me (so that I might appeal) or finalize the sanction against me when final judgment in the case is rendered.

Accordingly, I respectfully submit that this Court should allow me leave to file a motion to be discontinued as a defendant in this action.

Respectfully Submitted,

Jack C. Benun

cc:   All counsel

Request denied.
KSHayden
9/26/08