## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------

FUJIFILM CORP.,

                                Plaintiff,

                v.

JACK C. BENUN,
JAZZ PRODUCTS LLC,
POLYTECH ENTERPRISES LTD, and
POLYTECH (SHENZHEN) CAMERA CO.
LTD,

                         Defendants.

------------------------------------------------------

Civ. Action No. 05-cv-1863 (KSH)

**OPINION AND ORDER**

This written opinion supplements the record of July 16, 2009 with the basis for this Court's denial of defendants' motion under Fed. R. Civ. P. 50 for judgment in their favor as a matter of law.

**Standards for Judgment as a Matter of Law Under Fed. R. Civ. P. 50**

In order to grant a judgment as a matter of law, the reviewing court must determine that there is not substantial evidence supporting the verdict. The Court cannot weigh conflicting evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury. *See*, *e.g.*, *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 863 (2d Cir. 1988). Following a jury verdict, judgments as a matter of law under Fed. R. Civ. P. 50(b) are usually limited to matters that were the subject of a Rule 50(a) motion prior to the close of evidence in the case.

**Defendants' Renewed Motions Under Fed. R. Civ. P. 50**

Defendants make three motions: (1) that they are entitled to judgment as a matter of law of non-infringement with respect to Achiever-type cameras; (2) that the Court should grant judgment of non-infringement as a matter of law with regard to Achiever cameras in light of the Fuji-Achiever settlement and its release language; and (3) that judgment as a matter of law should be granted in favor of defendants with respect to all non-Achiever cameras because the locus aspect of

"first sale" is no longer material to the doctrine of patent exhaustion.  The Court addresses each motion separately.

A. *Motion for JMOL of Non-Infringement as to Achiever-Type Cameras*

At the close of Fuji's case-in-chief, defendants moved unsuccessfully for a judgment of non-infringement as a matter of law pursuant to Fed. R. Civ. P. 50(a) with respect to Achiever-type cameras.  Their position was that Fuji failed to prove that any defendant had made, imported, sold, or offered for sale any Achiever-type cameras which infringed any patent at issue.  At that time, defendants argued that Fuji introduced a single camera claimed to infringe the '168 patent, and that Fuji never adduced any evidence that Polytech defendants had made or sold the camera, or that tied the camera to Benun or Jazz Products LLC.  Defendants also contended, as they do on their renewed motion, that this constitutes a failure of Fuji to state a *prima facie* claim of patent infringement.

Fuji presented direct and circumstantial evidence that defendants manufactured Achiever cameras that infringed Fuji's patents.  Michael Zawodny, Jazz's quality manager, testified that he visited Polytech to oversee the reloading of cameras in its factory, and that defendants made and sold some Achiever cameras that infringed.  (6/10/09 Trial Tr. 67:22-68:22; 76:5-79:3.)  Zawodny also confirmed that Fuji's physical exhibit 1480 ("PPX-1480") was an Achiever camera reloaded by Polytech.  (6/10/09 Trial Tr. 78:13-18.)  Fuji's technical expert Alfred Bellow testified that PPX-1480 infringed Fuji's '168 patent.  (6/5/09 Trial Tr. 138:16-139:4.)  Kitty Wong's deposition testimony, which was introduced at trial, established that the "6CZFK" sticker on the PPX-1480 camera meant it was made by Polytech China.  Through Wong's testimony and exhibits, Fuji presented evidence that PPX-1480 was sold by Polytech HK to Jazz Products, and eventually was retailed at Ritz Camera, and that Boria Industrial Ltd. acted as an intermediary party, buying cameras from Polytech and selling them to Jazz, with 100,032 cameras being sold as Ritz cameras

2

to Jazz in March 2006.[1]  Fuji's exhibit 109 shows that on April 7, 2006 Jazz Products sold 100,000 cameras to Ritz Camera.  And the parties stipulated before the jury that PPX-1480 was purchased at Ritz Camera on May 23, 2006.  The Court is satisfied that Fuji presented sufficient evidence to support the jury's findings of infringement with respect to Achiever-type cameras and that the proofs support that more than one camera was infringing.

Defendants raise the argument that the verdict form was prejudicial to them in that it confused the jury.  Specifically, defendants assert:

> To be certain, the verdict sheet questions relating to the Achiever cameras confused the jurors, and Fuji told the Court and defendants that they were not asking the jury to return a verdict on the *number* of infringing Achiever-type cameras.  This does not, however, cure the error, and the jury likely believed that the burden rested on defendants to prove non-infringement by other Achiever cameras imported during Tranche III of this action.

(Defs.' Am. Mot. Post-Trial Relief Br. 35 (emphasis in original).)  This argument is speculative and unpersuasive.  Of more moment, defendants approved the language they now challenge.  On the morning of June 11, 2009, the parties—including defendants—confirmed on the record that they were satisfied with the jury verdict form and the jury instructions, both of which were the final products of a lengthy conference among the parties and the Court during the late afternoon and evening before.  (6/11/09 Trial. Tr. 4:18-5:21.)  Insofar as defendants' motion rests on arguments of insufficient evidence and jury confusion, it is denied.

*B. Motion for JMOL of Non-Infringement as to Achiever Cameras on the Basis of the Settlement Between Fuji and Achiever*

Defendants also argue that Fuji's settlement with Achiever Industries, Inc., dated June 19, 2007 should bar the current suit.  That settlement agreement resolved a patent infringement suit against Achiever, which defendants state had manufactured and sold PPX-1480.  The settlement agreement grants a release from patent infringement liability to Achiever, its affiliates, and their

---

[1] Fuji provides relevant transcript and exhibit references at page 32 of its opposition brief.

"customers" with respect to all Achiever cameras period to the June 19, 2007 date of the agreement. (PX-705 at ¶ 4.01(a).)  The settlement defines "customer" as "a purchaser of Cameras at Issue from a Party and successive purchasers of such Cameras at Issue from that Customer."  (PX-705 at ¶ 1.17.)  Fuji contends that defendants were not "customers' or successive purchasers and were thus not covered by the settlement, arguing that the chain of purchase is broken when a camera user "abandons" the single-use camera to a photo developer.  On June 2, 2009, the Court found the settlement agreement not to bar this suit on defendants' original Rule 50 application, ruling that defendants were not "customers" due the break in the chain of camera purchasers when the camera user drops off the single-use camera for film processing and fails to reclaim the shell.

Defendants now argue that trial testimony showing that "Fuji and its licensees purchase spent camera shells from the developing laboratories" has the effect of "explod[ing]" Fuji's argument that delivery of a camera to a film developer is an "abandonment rather than a sale." Defendants argue that this would support that they are customers, since the chain of purchase is unbroken.

In line with its earlier ruling, the Court finds that defendants are not "customers" under the terms of the settlement agreement because the photo processor does not purchase the shells, but is instead entrusted them by customers to develop the film and discard the rest.  If end-user LFFP photographers chose to reclaim the spent shells from developers, it would be their right to do so. Accordingly, the spent shells are abandoned rather than sold to photo developers, and as a result, the chain of purchase is broken, and defendants are not "customers" covered by the release.  In addition, the release in the June 19, 2007 settlement agreement is entirely unrelated to this action, and cannot be extended to this suit because it limits its scope to liability "arising out of the same series of transactions or the same common nucleus of operative fact as those at issue in the Lawsuit."  Thus, the release contained in the Fuji-Achiever settlement agreement has no force or effect in this matter.

4

*C. Motion for JMOL on All Non-Achiever Cameras Because the Locus of First-Sale is No Longer Material to Patent Exhaustion*

Defendants also renew their argument with respect to non-Achiever cameras that the geographic limitation first-sale requirement—that first sale must take place in the United States—is no longer required to exhaust a patent.  They rely on the interpretation of a U.S. Supreme Court opinion contained in an unreported district court decision from the Northern District of California, *LG Electronics Inc. v. Hitachi, Ltd.*, 2009 U.S. Dist. LEXIS 20457 (N.D. Cal. Mar. 13, 2009). Defendants submit that this Court must determine whether to adopt the *LG Electronics* court's view that the Supreme Court decision in *Quanta Computer, L.P. v. LG Electronics, Inc.*, 128 S.Ct. 2109 (2008) overruled the Federal Circuit's 2001 *Jazz Photo* decision that imposed the "first-sale in the U.S." geographical limitation on patent exhaustion.  The *LG Electronics* court broadly construed the *Quanta* precedent to mean "that exhaustion is triggered by the authorized sale of an article that substantially embodies a patent" and that exhaustion "applies to authorized foreign sales as well as authorized sales in the United States."  *LG Electronics*, 2009 U.S. Dist. LEXIS 20457, at *31.

Notwithstanding the position adopted in *LG Electronics*, the controlling rule of law, as set forth in *Jazz Photo Corp. v. International Trade Commission*, 264 F.3d 1094, 1110 (Fed. Cir. 2001), remains that U.S. Patent rights are only exhausted when the patentee (or a licensee) sells the patented article in the United States, deriving a benefit from their U.S. patent rights.   Further, because the Supreme Court's *Quanta* decision itself did not address whether foreign sales by the patentee could exhaust the patentee's U.S. patent rights, there is no reason why this Court should view the applicable law as no longer containing a first-sale requirement for patent exhaustion. Accordingly, defendants' motion for judgment as a matter of law with respect to an intervening change of the patent exhaustion doctrine is denied.

**Conclusion and Order**

Thus, for the foregoing reasons and

Good cause appearing,

**IT IS** on this 22nd day of July 2009

**ORDERED** that defendants' motion for judgment as a matter of law of non-infringement with respect to Achiever-type cameras, made pursuant to Fed. R. Civ. P. 50(b), is DENIED; and it is further

**ORDERED** that defendants' motion for judgment as a matter of law of non-infringement as to Achiever cameras in light of the Fuji-Achiever settlement and release, made pursuant to Fed. R. Civ. P. 50(b), is DENIED; and it is further

**ORDERED** that defendants' motion for judgment as a matter of law of non-infringement with respect to all non-Achiever cameras because the locus aspect of "first sale" is no longer material to the doctrine of patent exhaustion, made pursuant to Fed. R. Civ. P. 50(b), is DENIED.


/s/ Katharine S. Hayden
Hon. Katharine S. Hayden
U.S. District Judge

6