## EXHIBIT C

**(Security Agreement)**

# CREDIT AND SECURITY AGREEMENT

**THIS CREDIT AND SECURITY AGREEMENT** ("Agreement") is made as of this 24th day of March, 2005, by and between Polytech Enterprises Limited ("Polytech") having a place of business at 15/F A Young YA, Industrial Building 381-389, Sha Tsui Road, Hong Kong and AgfaPhoto Hong Kong Limited ("Agfa") having a place of business at 14th Floor, Cavendish Centre, 23 Yip Hing Street, Wong Chuk Hang, Hong Kong.

## RECITALS

A.   Since July 27, 2004, Polytech has purchased film from Agfa for use in certain single use cameras manufactured and sold by Polytech. Polytech is currently indebted to Agfa in the sum of $574,133.32 (U.S.) (the "Owed Amount") for film purchased by Polytech.

B.   Polytech sold single use cameras to Jazz Photo Corp. ("Jazz") for distribution in the United States of America, including cameras containing Agfa film. Jazz filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §101, *et seq.*) on May 20, 2003 with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

C.   In or about January 2005, Polytech shipped to Jazz, as consignee, single use cameras. The cameras have not yet been delivered to Jazz and reportedly are in the custody of the Department of Customs of the United States of America. Certain of these cameras contain film sold to Polytech by Agfa for which Agfa has not yet been paid (the

NYI 919450v5

"Shipped Cameras"). As security for the amounts owed to Agfa referenced in paragraph A above (which includes amounts owed with respect to the film installed in the Shipped Cameras), Polytech delivered to Agfa the original bills of lading related to the Shipped Cameras (the "Bills of Lading").

D. Polytech desires to purchase additional film from Agfa on credit which credit Agfa has agreed to extend in accordance with the terms set forth below.

**NOW THEREFORE** it is hereby agreed by and between Polytech and Agfa as follows:

1. **Acknowledgement of Owed Amount.** Polytech hereby acknowledges that as of March 24, 2005 it is indebted to Agfa for the Owed Amount and that such Owed Amount is due and owing and is not subject to any defenses, setoff or rights of recoupment.

2. **Extension of Credit by Agfa to Polytech.** Agfa hereby extends the time in which Polytech must pay the Owed Amount to the Termination Date (as defined below). In addition, Agfa hereby agrees to extend to Polytech additional credit in the maximum amount of $300,000.00, according to the terms set forth below, to be used by Polytech solely for the purchase of film from Agfa (the "Line of Credit"). The Owed Amount, amounts owing under the Line of Credit and all other amounts owed by Polytech to Agfa hereunder, including for interest, attorneys fees and expenses and Indemnified Liabilities (as defined below) (the "Outstanding Amounts"), must be repaid in full on the Termination Date.

3.  **Interest.** So long as no Event of Default is existing, interest will accrue on the Outstanding Amounts at a rate of 10% *per annum* until the Outstanding Amounts are paid in full. Interest, and any fees and expenses incurred by Agfa hereunder, are due and payable on the 30th of each month, or the first day thereafter that is not a Saturday, Sunday or other day on which commercial banks in New York City or Hong Kong are authorized or required by law to close (a "Business Day"). If an Event of Default is existing, interest on the Outstanding Amount shall accrue at a rate of 12% *per annum* until all amounts owed by Polytech hereunder are paid in full. Interest owed hereunder will be computed on the basis of a 360-day year consisting of twelve 30-day months.

4.  **Proceeds From Sale of Shipped Goods.** In the event the Shipped Goods are sold by Jazz, Polytech will take all reasonable steps to ensure that all or the portion of the sale proceeds payable to Polytech (the "Sale Proceeds") are paid directly to Agfa. Any Sale Proceeds received by Polytech with respect to the Shipped Goods, from any source, shall be immediately turned over to Agfa. All Sale Proceeds received by Agfa from any source, including directly from Jazz or from Polytech or the purchaser of the Shipped Goods, shall be credited against the Outstanding Amounts.

5.  **Attorneys' Fees and Costs.** Polytech will pay all reasonable attorneys' fees and costs incurred by Agfa in connection with the Polytech Line of Credit, including, but not limited to, the reasonable attorneys' fees and costs incurred by Agfa in negotiating and drafting this Agreement, enforcing Agfa's rights under this Agreement, including taking any action to realize on its collateral or otherwise to collect the Outstanding Amounts. Concurrent with the execution of this Agreement, Polytech shall pay to Dewey

Ballantine LLP ("DB"), U.S. counsel for Agfa, US $30,000 to be used to pay attorneys fees incurred by Agfa hereunder. To the extent that there are funds remaining after payment of all fees and expenses of DB and Agfa has received payment of all other Outstanding Amounts, DB shall return such excess funds to Polytech.

6. **Indemnification**. Polytech hereby indemnifies Agfa, its agents, affiliates and their respective officers, directors, trustees, employees, advisors, agents and controlling persons (each, an "Indemnitee") for and holds each Indemnitee harmless from and against any and all other liabilities, obligations losses, damages, penalties actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by an Indemnitee or asserted against any Indemnitee by any third party or by Polytech arising out of, in connection with, or as a result of (a) the execution, delivery or performance of this Agreement, (b) the Shipped Goods, (c) the Bills of Lading, (d) the Administrative Claim (as defined below), (e) any actual or prospective claim, litigation, investigation or proceeding relating to any of the foregoing, whether based on contract, tort or any other theory, whether brought by any third party or by Polytech and regardless of whether any Indemnitee is a party thereto (all the foregoing in clauses (a) through (e) the "Indemnified Liabilities"); provided however, that Polytech shall have no obligation hereunder to any Indemnitee with respect to Indemnified Liabilities to the extent such Indemnified Liabilities are found by a final and nonappealable decision of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of such Indemnitee. The agreements in this section shall survive repayment of the

Outstanding Amounts and all other amounts payable hereunder (other than Indemnification Liabilities).

7. **The Security Interest and the Administrative Claim.**

    7.1 **Granting of Security.** As security for Polytech's obligations to pay all Outstanding Amounts, in addition to delivering the Bills of Lading, Polytech, with full title guarantee, hereby grants to Agfa a first priority security interest, including a fixed charge over book debts, in the Administrative Claim (as defined below) and all of Polytech's current and future accounts receivable (the "Receivables") and all proceeds of the Administrative Claim and the Receivables.

    7.2 **Description of Administrative Claim.** During the period following the date that Jazz filed for bankruptcy, May 20, 2003 (the "Post-Petition Period"), Polytech sold to Jazz certain single use cameras, for which Polytech has not yet been paid. In addition, Polytech asserts further claims against Jazz for certain actions and inactions of Jazz and for breach of contract all of which claims also arose during the Post-Petition Period (collectively, with the amounts owed by Jazz to Polytech for single use cameras sold to Jazz during the Post-Petition Period, the "Administrative Claim"). As of the date of this Agreement, the Administrative Claim is in the approximate amount of US $1.45 million.

    7.3 **Prosecution of Administrative Claim and Collection of Receivables.** Unless and until Agfa receives payment of the Outstanding Amounts in full, Polytech shall take all actions reasonably necessary to prosecute the Administrative Claim, including without limitation, timely filing with the Bankruptcy Court a request for

5

payment of the Administrative Claim, appearing at all hearings relating thereto, defending against any objection to the Administrative Claim and pursuing an appeal from an order denying in whole or in part the request for payment of the Administrative Claim to the extent that there are insufficient proceeds from the Administrative Claim to pay Agfa the Outstanding Amounts. Polytech shall also take all steps reasonable necessary to timely collect all of its Receivables.

    7.4   **No Additional Liens**. Unless and until Agfa receives payment of the Outstanding Amounts in full, Polytech covenants not to create, incur, assume or suffer to exist any lien or fixed charge upon the Administrative Claim, the Receivables or the proceeds thereof.

    8.   **Perfection of Security Interest.** Agfa shall be solely responsible for taking all actions necessary to perfect its rights under this Security Agreement under the law of Hong Kong, provided however, that Polytech shall sign such documents and take any other action as may be necessary to perfect Agfa's rights. In addition, Polytech shall state in the request for payment of the Administrative Claim filed with the Bankruptcy Court that the Administrative Claim serves as security for the Outstanding Amounts owed by Polytech to Agfa and shall cooperate to the extent reasonably necessary in taking any action before the Bankruptcy Court to ensure that Agfa's interest in the Administrative Claim and the proceeds thereof is recognized.

    9.   **Representations and Warranties of Polytech.** To induce Agfa to enter into this Agreement and extend the Line of Credit, Polytech hereby represents and warrants to Agfa that:

NY1 919450v5

    a.    **No Conflict with Contractual Obligations**. The execution, delivery and performance of this Agreement, will not and does not violate any contractual obligation of Polytech.

    b.    **Corporate Existence; Compliance with Law.** Polytech is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization. Polytech has the corporate power and authority, the legal right and has taken all necessary corporate action to authorize the execution, delivery and performance of this Agreement.

    c.    **Financial Condition.** After giving effect to the transactions contemplated hereby, (a) the present fair saleable value of Polytech's assets exceeds Polytech's liabilities, contingent or otherwise, (b) Polytech does not have an unreasonably small amount of capital with which to conduct its business and (c) Polytech is able to pay its debts as they mature.

    d.    **Validity of Administrative Claim.** Polytech knows of no valid objection or defense that Jazz or a creditor of Jazz would have with respect to the payment of the Administrative Claim and Jazz has not raised any defenses as to why the full amount due by Jazz to Polytech for the goods delivered to Jazz should not be paid.

10.    **Representations and Warranties of Agfa.** Agfa hereby represents and warrants to Polytech that:

    a.    **No Conflict with Contractual Obligations**. The execution, delivery and performance of this Agreement, will not and does not violate any contractual obligation of Agfa.

b. **Corporate Existence; Compliance with Law.** Agfa is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization. Agfa has the corporate power and authority, the legal right and has taken all necessary corporate action to authorize the execution, delivery and performance of this Agreement.

11. **Procedure for Borrowing under the Line of Credit.** Until the occurrence of the Termination Date and so long as no Event of Default is existing, Polytech may purchase film from Agfa using the Credit Line, up to the unused amount of the Credit Line, by submitting on the Business Day prior to the date it seeks to obtain the credit a certificate of either the chief executive officer, president or chief financial officer of Polytech, in the form annexed hereto as an Exhibit, certifying that no Events of Default are existing and the representations and warranties of Polytech hereunder are true and correct in all material respects on and as of such date as if made on and as of such date of the certificate (the "Borrowing Certificate"). Polytech shall repay to Agfa the amount borrowed under the Line of Credit on the earlier to occur of (a) the date that is 30 days after the date that it purchased film from Agfa using such credit, or (b) the Termination Date. At no time can the amount borrowed by Polytech from Agfa under the Line of Credit exceed $300,000.

12. **Payment of Outstanding Amounts.** Upon the earlier to occur of (a) the allowance of the Administrative Claim by the Bankruptcy Court or such higher court having jurisdiction over Jazz and the Administrative Claim and Polytech's receipt of payment from Jazz of the Administrative Claim (or Agfa's receipt of payment in the

event that Jazz is directed to pay Agfa directly) or (b) the Termination Date, Polytech shall pay to Agfa the Outstanding Amounts.

13. **Events of Default.** The occurrence of any one of the following events shall constitute an event of default (an "Event of Default") under this Security Agreement:

   a. **Failure to Pay Amounts to Agfa When Due.** The failure of Polytech to pay any amount due to Agfa hereunder within five days after such amount becomes due in accordance with this Agreement.

   b. **Breach of Representation or Warranty.** Any representation or warranty made by Polytech in this Agreement or in a Borrowing Certificate shall prove to have been inaccurate in any material respect on or as of the date made, or deemed made or furnished.

   c. **Breach of Obligations Under this Agreement.** The breach by Polytech of any provision of this Agreement.

   d. **Bankruptcy of Polytech.** The filing by or against Polytech, or the passing of any resolution of directors or shareholders to file, a petition under any Chapter of the Bankruptcy Code, the filing of an assignment for the benefit of creditors by Polytech or the appointment of a receiver for Polytech, and the equivalent of the foregoing under the laws of Hong Kong governing the insolvency, liquidation or reorganization of an entity whether of a voluntary or compulsory nature.

14. **Termination Date.** This Agreement shall terminate upon the earlier to occur of (a) Agfa's receipt of payment in full of all Outstanding Amounts, (b) the existence of an Event of Default, or (c) September 30, 2005 (the "Termination Date").

NYI 919450v5

15. **Right to Prepay.** Polytech shall have the right to pre-pay the Outstanding Amounts due Agfa at any time without penalty.

16. **Rights and Remedies of Agfa upon the Occurrence of an Event of Default.** In the event of an occurrence of an Event of Default Agfa may:

    a. In writing to Polytech declare immediately due and owing the Outstanding Amounts;

    b. Take such action in any Court with competent jurisdiction to obtain a judgment against Polytech in the amount of the Outstanding Amounts (which is inclusive of interest, and attorneys fees and expenses);

    c. Take such action as Agfa deems appropriate to realize on its collateral pledged to it pursuant to this Security Agreement; and

    d. Take such other action as may be provided by applicable law.

17. **No Waiver; Cumulative Remedies.** No failure to exercise and no delay in exercising on the part of Agfa any right, remedy, power or privilege hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The rights, remedies, powers and privileges herein provided are cumulative and not exclusive of any rights, remedies, powers and privileges provided by law.

18. **Survival of Representations and Warranties.** All representations and warranties made herein shall survive the execution and delivery of this Agreement and the extension of credit hereunder.

10

NY1 919450v5

19. **Address for Polytech to Send Payments to Agfa.** All payments to be made by Polytech to Agfa pursuant to this Security Agreement shall be sent to the following address unless Agfa changes such address in writing sent to Polytech:

> Account Name : Agfaphoto Hong Kong Limited
> Bank name: The HongKong and Shanghai Banking Corporation Ltd
> Account number: 502-430846-201 USD Current Account
> Bank code: 004

20. **Addresses for Notices.** All notices or other communications required or permitted to be given hereunder shall be in writing and shall be deemed to have been given: (i) when received by facsimile; (ii) when received by e-mail; (iii) when received by mail; or (iv) when received by hand delivery at the following addresses:

> If to Polytech:
>
> Kitty Wong at
> 15/F A Young Ya Industrial Building, 381-389
> Sha Tsui Road,
> Hong Kong
> E-mail: Kitty@polytech-hk.com
> Fax: 2149 5599
>
>
> If to Agfa:
>
> Terence Ching
> 14/F. Cavendish Centre
> 23 Yip Hing Street
> Wong Chuk Hang, Hong Kong
> E-mail: Terence.Ching@agfaphoto.com
> Fax: 2873 2851

21. **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

22. **Binding Effect.** The provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

23. **Governing Law and Submission to Jurisdiction.** This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York, without giving effect to principles of conflict of laws. Polytech hereby irrevocably and unconditionally submits for itself and its property in any legal action or proceeding relating to this Agreement to the non-exclusive general jurisdiction of the courts of the State of New York, the courts of the United States of America for the Southern District of New York, and appellate courts from any thereof. Polytech further consents that any such action or proceeding may be brought in such courts and waives any objection that it may now or hereafter have to the venue of any such action or proceeding in any such court or that such action or proceeding was brought in an inconvenient court and agrees not to plead or claim the same.

24. **Acknowledgments.** Polytech and Agfa hereby acknowledge that they have been advised by counsel in the negotiation, execution and delivery of this Agreement and no joint venture is created hereby or otherwise exists by virtue of the transactions contemplated hereby.

25. **Counterparts and Facsimile Signatures.** It is understood and agreed that this Agreement may be executed in counterparts, each of which shall for all purposes, be deemed an original, and all counterparts, taken together, shall constitute one and the same Agreement, even though the parties hereto may not have executed the same counterpart of the Agreement. Facsimile signatures will be accepted as original signatures.

26. **Captions.** The captions used in this Agreement are for descriptive purposes only and shall not be deemed part of this Agreement.

27. **Entire Agreement and Modifications.** This Agreement contains the entire agreement between Polytech and Agfa relating to the Line of Credit and the granting of security for the repayment thereof, and any and all prior discussions, negotiations, and understandings related to this Agreement reached among the parties are hereby merged into the Agreement. No understandings, agreements, representations, express or implied, other than those contained herein have been made by either party. Any modification, changes or amendments to this Agreement may only be made by written agreement executed by the parties hereto.

ATTEST:

_____
CHING YAT WAH, TERENCE

AgfaPhoto Hong Kong Limited

By: Chong Boo Hwa

(Title) Director

ATTEST:

_____
CHEUNG WAI KIN

Polytech Enterprise Limited
For and on behalf of
POLYTECH ENTERPRISE LIMITED
保泰企業有限公司

By: Kitty Wong T.T.
Authorized Signature(s)

(Title) Director

13

NY1 919450v5