# **EXHIBIT G**

**(Transcript of Hearing)**

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF NEW JERSEY
 2                           CIVIL NO. 05-01863
    FUJI PHOTO FILM CO. LTD.,          :
 3                        Plaintiff,   :
    -vs-                               :
 4                                     :
    JACK C. BENUN, RIBI TECH PRODUCTS, :
 5  Et al                             :
                                       :
 6                                     : MOTIONS
                           Defendant   :
 7  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :
                           Newark, New Jersey
 8                         November 15, 2005 10 a.m. & 3 p.m.
    B E F O R E:
 9
            THE HONORABLE KATHARINE S. HAYDEN, U.S.D.J.
10
    A p p e a r a n c e s:
11
    STROOCK & STROOCK & LAVAN LLP
12  Attorneys for Plaintiff-FUJI PHOTO
    180 Maiden Lane
13  New York, New York 10038-4982
    BY: LAWRENCE ROSENTHAL, ESQ.
14      MATTHEW SIEGAL, ESQ.

15  FOX AND FOX LLP
    Attorneys for Plaintiff
16  70 South Orange Avenue Suite 203
    Livingston, New Jersey 07039
17  BY: ROBERT J. ROHRBERGER, ESQ.

18  BECKER MEISEL LLC
    Attorneys for Defendant-Polytech
19  The Galleria
    2 Bridge Avenue, Building 1
20  Second Floor
    Red Bank, New Jersey 07701
21  BY: DANIEL J. O'HERN, ESQ.
        STACY B. KRIEGER, ESQ.
22
```
_____
```
              Pursuant to Section 753 Title 28 United States Code,
23  the following transcript is certified to be an accurate
    record as taken stenographically in the above-entitled
24  proceedings.
                         _____
25                       Ralph F. Florio
                         Official Court Reporter
```

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt
25

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

62

1          THE COURT:  Good afternoon.  I appreciate counsel's
2    argument.  I think it should be obvious from the questions
3    that I have asked, the opportunity to expound on the record,
4    that I have been very happy to extend to counsel and to Mr.
5    Benun, the times off the bench that you've patiently sat
6    through when I assure you that I have not been reading
7    mystery novels or otherwise doing my nails, but thinking
8    seriously about these issues.  I will rule on the application
9    for these reasons.
10          By way of background.  Fuji holds various patents
11   for lens-fitted film packages (LFFPs), commonly known as
12   disposable cameras and has brought suit against these
13   defendants Mr. Benun, Ribi Tech products, Poloytech
14   Enterprise Limited and Poloytech Shenzhen Camera Company
15   Limited, for patent infringement.  And against Mr. Benun,
16   Poloytech Camera Company Limited, Poloytech China, otherwise
17   known, as Poloytech Hong Kong, for infringement inducement.
18          Poloytech China and Poloytech Hong Kong currently
19   refurbished and sell alleging infringing LFFP to defendant
20   Ribi Tech.  In the complaint that's before this court, Fuji
21   alleges that Poloytech violated 35 U.S.C. Section 271, direct
22   patent infringement, and 271(b) inducement to infringe
23   patents.
24          Now prior to this proceeding we're aware that Fuji
25   prevailed in a patent infringement inducement lawsuit against

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

63

1   Benun, Jazz Photo, otherwise known as Jazz U.S. and its
2   subsidiary Jazz Photo Hong Kong, otherwise known as Jazz Hong
3   Kong.  Let me correct the record.  When I say, when I say
4   otherwise known as, I don't mean they are using a/k/a, I'm
5   simply referring to them in their common denominations as
6   they may be referring to them later on.  That decision
7   appears at 249 F.Supp. 2d 434, District of New Jersey 2003.
8   Jazz US and Jazz Hong Kong were formed by Benun in 1995.
9   Jazz Hong Kong purchased the infringement LFFP from Poloytech
10  and sold them to Jazz U.S. FOB Hong Kong.  Jazz U.S. imported
11  the infringing goods into the United States.  In that case
12  Fuji was awarded a total of $21,898,051.84, against all the
13  defendants jointly and severly.  And $1.021,031.76 against
14  defendants Jazz U.S. and Jazz Hong Kong jointly and severly.
15          The defendants moved for a stay of judgment.  This
16  district denied that application.  Defendants then moved for
17  a stay in the federal circuit.  That was denied.  Defendants
18  appealed the decision of the court and the federal circuit
19  affirmed.  See Fuji Photo Film v Jazz Photo Corp. 394 F.3d
20  1368, decided January 14, 2005.
21          Fuji has received less than $500,000 for the
22  judgment.  The proceeds of which were derived from an appeal
23  bond posted by Jazz because Benun filed for bankruptcy under
24  Chapter 7, Jazz U.S. filed for bankruptcy under Chapter 11,
25  and Jazz Hong Kong was rendered insolvent and disbanded.

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

64

1  Ribi Tech, one of the defendants in the current case, bought

2  Jazz U.S. assets from the bankruptcy estate.  Fuji alleges

3  that Ribi Tech continues to import the infringing LFFPs

4  manufactured by Poloytech into the United States.

5          The bankruptcy of Jazz Photo Corp., is pending in

6  the bankruptcy court under 03-BR-26565 here in this

7  district.  The liquidating trustee intends to make immediate

8  payment of $1.850 million to Poloytech Hong Kong in

9  settlement of administrative claims asserted by Polytech Hong

10 Kong against Jazz.  And may make future payments against

11 Poloytech Hong Kong's pro rata share of a prepetition claim

12 in the amount of $1.427,240.84, as funds become available to

13 satisfy.

14         Fuji is asking this Court to issue a Writ of

15 Attachment against these assets up to the sum of $3.5 million

16 to be held in an interest-bearing account by the liquidating

17 trustee, pending the outcome of this litigation.

18         The legal basis for a Writ of Attachment in the

19 district court, is stated in the Federal Rules of Civil

20 Procedure 64 as follows. "At the commencement of and during

21 the course of an action all remedies providing for seizure of

22 property for the purpose of securing satisfaction of the

23 judgment ultimately entered in the action are available under

24 circumstances and in a manner provided by the law of the

25 state in which the district court is held." And these

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

1  remedies include attachment.  Federal Rule of Civil Procedure

2  64.

3         Now, the manner provided by the applicable New

4  Jersey statute appears in N.J.S.A. 2A:26-2 and New Jersey

5  Rule 4:60-5(a).  2A:26-2 states in pertinent part. "An

6  attachment may issue out of the Superior Court upon the

7  application of any resident or non resident plaintiff against

8  the property real and personal, of any defendant in any of

9  the following instances." And then I'm moving to subparagraph

10  B. "Where the defendant absconds or is a non resident of this

11  state, and a summons cannot be served on him in this state."

12         The rule of N.J. Rule 4:60-5(a) states in pertinent

13  part "A writ of attachment shall issue upon court order on

14  the plaintiff's motion.  The motion shall be granted only

15  upon the court's finding based on the moving papers, any

16  imposing affivadits which may be filed and any testimony

17  taken pursuant to 1:6-6, that (1) there is probability that

18  final judgment will be rendered in favor of the plaintiff;

19  (2) there are statutory grounds for issuance of a writ; and

20  (3), there is real or personal property of the defendant at a

21  specific location within this state which is subject to

22  attachment."

23         So as to the first element, the three elements I've

24  read.  The first element is "That there's a probability that

25  final judgment will be rendered in favor of plaintiff." The

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

1   Court finds that there is a probability and the final

2   judgment will be rendered in favor of the

3   plaintiff. "Probable is used in the ordinary sense of the

4   word.  In other words, a result is probable if it "can

5   reasonably and fairly, convincingly be accepted as true,

6   factual or possible, without being undeniably so." That's a

7   quote from Sentry Insurance v Sky Management Inc. 34

8   F.Supp.2d 900, 905, (D.N.J. 1999).

9           This Court finds it probable that a final judgment

10  can be rendered in favor of the plaintiff for the following

11  reasons.

12          First.  The ALJ rulings that we have talked about

13  substantially in the course of these proceedings.  Those

14  rulings found that over 83 percent of the disposable cameras

15  refurbished by Poloytech and sold to Jazz during the years

16  2003 to 2005 infringed on Fuji's patents.  While the ALJ

17  ruling is not binding on this Court and the Court recognizes

18  this, it is still persuasive of that standard of probability

19  of success in this.

20          Second.  Since Jazz is unable to show "permissible

21  repair" with regard to the majority of the cameras it

22  purchased from Poloytech.  It is likely that Poloytech will

23  similarly be unable to show permissible repair with regard to

24  the cameras it sold to Jazz and to Ribi Tech.

25          Poloytech argues that because they don't make, use

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

67

1  sell, import or offer refurbished LFFPs for sale in the U.S.,

Page 63

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

2  a case for patent infringement does not lie.  However, the

3  federal circuit has found on numerous occasions that direct

4  sale into the United States is not necessarily a dispositive

5  factor.  In Beverly Hills Fan Company v Royal Sovereign Corp.

6  21 F.3d 1558, a decision of the Federal Circuit of 1994, the

7  court found that the infringing fans were on sale in the U.S.

8  for the purposeful activity of the defendant Ultec which was

9  incorporated in China and which manufactured the fans in

10  Taiwan even though Ultec did not directly sell into the

11  United States.

12        Poloytech states that Fuji has not sufficiently

13  alleged inducement of patent infringement because there's no

14  showing of intent.  To show inducement Fuji must show direct

15  patent infringement plus the alleged infringer must have

16  knowingly induced the infringement and must have possessed

17  specific intent to encourage another's infringement.

18        In MEMC Electronic v Materials Inc., 420 F.3d 1369,

19  Federal Circuit 2005, the court held that circumstantial

20  proof of intent is enough to make the intent element of an

21  inducement claim.  And knowledge of the potentially

22  infringing activities of its U.S. customer can support a

23  finding of knowledge, sufficient to meet the standards that

24  we're discussing now.

25        Based upon the relationship between the players


             U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101


                                                         68


1  here there is sufficient circumstantial proof of intent,

2  along with a sufficiently strong inference of knowledge and

3  on the part of Poloytech as to potentially infringing
                        Page 64

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

4    activities of both Jazz U.S. and Ribi Tech, to meet the

5    probability standard, therefore, the Court does find that

6    there is a probability that Poloytech will be found to induce

7    infringement.

8            As to the second element.  There are statutory

9    grounds for issuance of the writ.  As my discussion earlier

10    in this oral opinion regarding the statute 2A:26-2 and New

11    Jersey Rule 4:60-5(a) demonstrates.

12            As to the third element.  There is real or personal

13    property of the defendant at the specific location within

14    this state that is subject to attachment.  Claims of

15    Poloytech against Jazz Photo are a property of Poloytech

16    within this state.  These claims are subject to attachment

17    because Jazz, the party owing the debt, holding the property

18    of Poloytech, may be served with process in New Jersey.

19    Poloytech claims that Fuji consented to the payment of those

20    particular administratively claims or the compromised amount

21    decided because Fuji failed to have objected to that

22    settlement claim in the bankruptcy court.  But whether or not

23    that's true, it is irrelevant to the issue of whether or not

24    Poloytech property exists within the state.

25            As to elements of inequitable injunction such as

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

69

1    the one requested here, the Court has found that there is a

2    reasonable likelihood of success on the merits as previously

3    discussed.

4            The Court also finds that Fuji may be subject to

Page 65

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

5   irreparable harm if the injunction is not granted.  Although

6   the Court is well aware of an inability to collect money

7   damages is generally not enough to constitute irreputable

8   harm, this can constitute irreparable harm under certain

9   circumstances.  See Hoxworth v Blinder, Robinson & Company

10  Inc. 903 F.2d 186, 206 Third Circuit 1990.  In this case,

11  were there are allegations that at least one of the

12  defendants is doing his best to frustrate the collection of

13  any judgments on the merits, where there are allegations that

14  assets have been transferred out of the jurisdiction in order

15  to frustrate plaintiff's judgments, and where Poloytech, by

16  its own admission is teetering on the brink of at least

17  instability if not insolvency, and where the issues involved

18  present complex questions on a complicated procedural

19  landscape, this Court holds that the irreparable harm

20  standard is met.  Recognizing that there have been many years

21  of litigation between and among the parties in many forums.

22  And when we first met and the Court issued the first

23  injunctive ruling, I observed that in all of the forums,

24  while considerable work has been done on the factual

25  allegations and on the patent claims, there appears to be a

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101

70

1   need for some activity and action with respect to the

2   findings and the remedies, it would appear that the

3   injunctive relief sought here is in substantial aid to

4   remedies.  And I believe under all of the circumstances that

5   Fuji has demonstrated in numerous ways that the time for

6   remedies is at hand.

Page 66

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

 7              Finally, there is an argument that the equitable
 8    balance of hardships would favor Poloytech.  I do not find it
 9    persuasive insofar as Poloytech argues that Fuji's size and
10    comparison to it automatically favors Poloytech.
11              For all of the above reasons the application for
12    Writ of Attachment is granted.  Now I am aware that a Writ of
13    Attachment was presented to the Court, directed to the United
14    States Marshal.  I don't know whether or not the defendants
15    have had a chance to review it.  I am prepared to sign it.
16    If there are any fundamental, egregious, procedural technical
17    errors in it, now is the time to be heard on it.
18              MS. GOLDSTEIN:  Your Honor--
19              THE COURT:  I haven't forgotten about Agfa.
20              MS. GOLDSTEIN:  Thank you.
21              THE COURT:  Now, Agfa has presented legal arguments
22    going against the relief that I've just granted.  The monies
23    that will be attached are not going anywhere.  They are
24    here.  I am going to direct Agfa to make a motion, to specify
25    exactly the relief, the relief that it is seeking based upon


                  U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101


                                                                71


 1    this ruling, and directing Fuji to answer specifically based
 2    upon the rulings.  There is just a little bit of a gray area
 3    in terms of not so much what Agfa is seeking, the motion is
 4    pretty much going to say what you've already said and put it
 5    into motion form.  But I don't have the clarity in terms of
 6    what Fuji's position is.  And I want to have its position
 7    laid out clearly, supported by case law, so that I'm able to
                                Page 67

Transcript of Hearing Before Judge Hayden re writ of attachment (2).txt

```
 8  make a ruling.

 9              Everybody thank you very much.

10              MS. GOLDSTEIN:  Thank you.

11              MR. SIEGAL:  Thank you, your Honor.

12              THE COURT:  Thank you.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

U.S. DISTRICT COURT, NEWARK, NEW JERSEY 07101